UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALERDING CASTOR HEWITT, LLP, ) | |
| ) | No. 1:16-cv-02453-RLY-DML |
| Plaintiff, ) | |
| ) | |
| v. ) | Magistrate Judge Debra McVicker Lynch |
| ) | |
| PAUL FLETCHER and CAROLE WOCKNER ) | |
| ) | |
| Defendants. ) | |

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

**ANSWER TO COMPLAINT**

For their answer to the complaint filed by Plaintiff in this action, Defendants Paul Fletcher ("Fletcher") and Carole Wockner ("Wockner") state:

**ALLEGATIONS IN THE COMPLAINT**

**PARTIES AND JURISDICTION**

1. ACH ("Alerding Castor Hewitt") is an Indiana limited liability partnership with its principal office at 47 S. Pennsylvania Street, Suite 700, Indianapolis, Indiana 46204.

   **RESPONSE:** Defendants Fletcher and Wockner are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1.

2. Fletcher is an adult California resident who, upon information and belief, resides at 1203 E. Cota Street, Santa Barbara, CA 93103.

   **RESPONSE:** Admit.

3. Wockner is an adult California resident who, upon information and belief, resides at 1203 E. Cota Street, Santa Barbara, CA 93103.

   **RESPONSE:** Admit.

1

4. Jurisdiction over the parties is proper pursuant to Rule 4(A) of the Indiana Rules of Trial Procedure; venue is proper in this Court pursuant to Rule 75(A) of the Indiana Rule of Trial Procedure.

**RESPONSE:** Denied. The case has been moved from state to federal court.

5. On October 21, 2012, Defendants completed and submitted an Engagement Letter (the "Engagement Letter") to ACH. A true and accurate copy of the Engagement Letter is attached hereto as <u>Exhibit A</u> and is incorporated herein by reference.

**RESPONSE:** Defendants Fletcher and Wockner admit they signed the "Engagement Letter" dated October 1, 2012, on or about October 21, 2012. Defendants deny the characterization they "completed and submitted" an engagement letter and further state that the engagement <u>letter contained numerous inaccuracies including ones related to matters discussed over the phone between Alerding and Wockner on and before September 26, 2012</u>. For instance, the engagement letter listed hourly rates for Principal attorney Michael Alerding and Associate attorneys Kreider and Kirk between about 8 and 38 percent higher than quoted over the phone by Alerding to Wockner on September 26, 2012, and described legal services in terms that Alerding and ACH failed to deliver.

6. ACH agreed to provide legal services for Defendants.

**RESPONSE:** Defendants Fletcher and Wockner admit that ACH agreed to provide legal services for Defendants.

7. ACH provided Defendants with a variety of legal services at the request of Defendants.

**RESPONSE:** Defendants Fletcher and Wockner deny that all legal services provided by ACH were done so at Defendants' request.

8. ACH has demanded payment for the legal services provided.

**RESPONSE:** Defendants Fletcher and Wockner admit that ACH has demanded payment but deny that they are entitled to such payment.

9. Defendants have failed to remit payment for the legal services to ACH.

**RESPONSE:** Defendants Fletcher and Wockner deny this allegation and further state that they paid ACH significant payments for legal services and did so until ACH failed to perform its legal obligations to Defendants.

## COUNT I: BREACH OF CONTRACT

10. ACH incorporates the preceding paragraphs as if fully set forth herein.

**RESPONSE:** Defendants Fletcher and Wockner incorporate their answers to preceding paragraphs as if fully set forth herein.

11. The Engagement Letter is a valid and enforceable contract between ACH and Defendants.

**RESPONSE:** Defendants Fletcher and Wockner state that this allegation is a legal conclusion to which no response is required.

12. As a result of Defendant's failure to pay ACH, Defendants have breached their agreement with ACH.

**RESPONSE:** Defendants Fletcher and Wockner deny allegations in paragraph 12 on grounds that Defendants paid for all legal services until such time that ACH breached their contract and obligations, violated the Rules of Professional Conduct, were negligent, and committed legal malpractice.

13. As a direct and proximate result of Defendant's breach of the Engagement Letter, ACH has been damaged.

**RESPONSE:** Deny.

14. All conditions precedent to the prosecution of this action have occurred, have been performed, or otherwise been excused.

**RESPONSE:** Defendants Fletcher and Wockner admit ACH makes such declaration but denies they are entitled to any further legal fees.

15. ACH declares the full amount payable for all legal services provided to be due.

**RESPONSE:** Defendants Fletcher and Wockner deny allegations in paragraph 12 on

16. As of August 2, 2016, ACH is owed from Defendants at least the sum of One Hundred Fourteen Thousand One Hundred Sixty-Nine and 47/100 Dollars ($114,169.47) (the "Damages").

**RESPONSE:** Deny.

17. The Damages are immediately due and payable, plus any and all costs and expenses incurred by ACH in enforcing the Engagement Letter.

**RESPONSE:** Deny.

18. ACH has performed its obligations under the Engagement Letter, and Defendants' breach of the Engagement Letter has not been waived or excused by ACH. Therefore, ACH has the right to recover the Damages from Defendants.

**RESPONSE:** Deny. Defendants state that ACH has failed to perform its duties under the Engagement Letter, including but not limited to having failed to disclose to Defendants that Alerding was suffering from impairment which required he be admitted to a rehab facility which caused Defendants and their attorneys to have to prepare for trial on at least two occasions.

19. Because ACH's Damages are ascertainable in accordance with the fixed rules of evidence and known standards of value, and there has been an unreasonable delay in

payment of ascertainable amounts, ACH is entitled to an award of prejudgment interest.

**RESPONSE:** Deny.

## COUNT II: ACTION ON ACCOUNT AND ACCOUNT STATED

20. ACH incorporates the preceding paragraphs as if fully set forth herein.

**RESPONSE:** Defendants Fletcher and Wockner incorporate their answers to preceding paragraphs as if fully set forth herein.

21. On October 21, 2012, Defendants entered into an agreement with ACH for legal services, for which Defendants have failed to pay ACH.

**RESPONSE:** Defendants Fletcher and Wockner deny allegation in paragraph 21 on grounds that ACH breached their contract and obligations, violated the Rules of Professional Conduct, were negligent, and committed legal malpractice.

22. Defendants received the legal services from ACH beginning on or around October 21, 2012.

**RESPONSE:** Deny. ACH initiated legal services in late September/early October 2012.

23. There is currently due and owing ACH from Defendant at least the amount of the Damages. A copy of the statement issued to Defendants for the legal services (the "Statement") is attached hereto as Exhibit B and is incorporated herein by reference.

**RESPONSE:** Deny.

24. ACH delivered the Statement to Defendants, and Defendants did not object to the Statement.

**RESPONSE:** Deny.

25. Despite ACH's delivery of the Statement and repeated demands for payment, Defendants have failed and refused to pay the outstanding balance owed to ACH.

**RESPONSE:** Defendants deny that ACH is entitled to any further legal fees.

26. Because ACH's Damages are ascertainable in accordance with the fixed rules of evidence and known standards of value, and there has been an unreasonable delay in payment of ascertainable amounts, ACH is entitled to an award of prejudgment interest.

**RESPONSE:** Deny. Defendants Fletcher and Wockner deny allegations in paragraphs 23 through 26 on grounds that ACH breached their contract, violated the Rules of Professional Conduct, were negligent, and committed legal malpractice.

## COUNT III: UNJUST ENRICHMENT

27. ACH incorporates the preceding paragraphs as if fully set forth herein.

**RESPONSE:** Defendants Fletcher and Wockner incorporate their answers to preceding paragraphs as if fully set forth herein.

28. Defendants acknowledged, accepted, and benefitted from the legal services provided by ACH.

**RESPONSE:** Deny.

29. Retention of this benefit by Defendants without payment to ACH would be unjust.

**RESPONSE:** Deny.

30. Because ACH's Damages are ascertainable in accordance with the fixed rules of evidence and known standards of value, and there has been an unreasonable delay in payment of ascertainable amounts, ACH is entitled to an award of prejudgment interest.

**RESPONSE:** Deny.

## AFFIRMATIVE DEFENSES

Defendants plead the following affirmative defenses in this action:

First Affirmative Defense: Breach of Contract

Second Affirmative Defense: Fraud in the Inducement

Third Affirmative Defense: Legal Malpractice

Fourth Affirmative Defense: Estoppel arising from Alerding's failure to disclose his impairment that adversely affected his performance and ultimately led to his entering substance abuse rehabilitation immediately before trial and rendering him unavailable for any future rescheduled trial.

## PRIOR BREACH OF CONTRACT BY PLAINTIFF

31. Plaintiff's Breach of Contract in performing superfluous work such as developing and presenting lengthy arguments in support of causes of action not amended to complaint, assigning inexperienced attorneys to Fletcher's case that acted as lead attorneys by Alerding's impairment; and failure to perform, failure to meet filing deadline, Principal's failure to appear at trial, failure to learn facts of case, failure to adequately prepare for trial, failure to present critical evidence at trial, failure to perfect arguments at trial for appeal contributed to Fletcher's loss at trial, and constitutes contributory negligence on part of ACH on a scale of material breach and Breach of Fiduciary Duty.

32. ACH's trial attorney allowing cross-examination of Fletcher by (underlying case's) Defendant's attorney related to immaterial and objectionable inventorying of Fletcher's assets without objecting constitutes Breach of Fiduciary Duty.

33. Until the breach of the agreement by ACH, Defendants performed their obligations under the agreement.

34. ACH's charging Fletcher and Wockner fees to bring replacement attorneys up to speed for trial after the two attorneys initially assigned to Fletcher's case left the firm and ACH's failure to adequately prepare for trial and use experienced attorneys as promised

in Pre-Engagement negotiations, preparing voluminous arguments in support of underlying case's Plaintiff' causes of action not amended to complaint, all without offset to Fletcher's and Wockner's fees, constitutes ACH'S <u>Failure and Lack of Consideration and Set-Off</u>, <u>Failure to Mitigate Damages</u>, <u>Unjust Enrichment</u>, <u>Breach of Fiduciary Duty</u>, and <u>Superior Knowledge and Bargaining Power</u>.

35. Because of ACH's fraud in inducement, Wockner and Fletcher owe nothing.

## **FRAUD IN INDUCEMENT BY PLAINTIFF**

36. Fletcher and Wockner relied, to their detriment, on material misrepresentations made by ACH as to the courtroom experience level of lead and principal attorney Alerding as well as that of the associates that would assist in Fletcher's case, and on ACH's willingness to take on a circumstantial evidence case at the post-discovery phase. Once trial preparation was imminent, Alerding reversed his attitude toward Fletcher's case and tried to rid himself of it after collecting about 20 percent *over* his original fee estimate that was to take Fletcher through completion of trial *by jury*.

37. Alerding represented himself as the well-experienced, seasoned courtroom litigator necessary for effectively presenting circumstantial evidence for Fletcher's trial by jury, and assured Wockner that he would be fully engaged as Principal lead attorney for Fletcher and would be presenting Fletcher's case in court. However, Alerding tried to end Fletcher's case as Fletcher's trial date approached, by stating to Wockner and Fletcher that *no* case could be won by circumstantial evidence. Alerding also attempted to exit case by "firing" Wockner and Fletcher mere weeks before trial and immediately after failing to prepare and file a Pre-Trial Order, ultimately entering substance abuse rehabilitation one week before trial and subsequently refusing to participate in future trial

8

presentation because of lingering effects of treatment. Alerding then installed a newly-hired attorney with no civil trial experience as lead attorney at trial, resulting in Fletcher's loss at directed verdict for failure to present proof. Without ACH's proper substitution of lead attorney with equivalent level of experience and success as touted initially by Alerding constitutes <u>Fraud in the Inducement</u>, <u>Fraud in the Execution</u>, <u>Failure to Perform Contract</u>, <u>Failure to Act in Good Faith</u>, all of which resulted in Fletcher's loss at trial.

38. Because of ACH's fraud in inducement, Wockner and Fletcher owe nothing.

## **LEGAL MALPRACTICE**

39. Plaintiff's failure to engage in case, learn facts of case, prepare for trial, properly research statutes, prepare underlying case's Pre-Trial Order on behalf of Plaintiff Fletcher, supplement foreclosed discovery when discovery of critical witness and records availed themselves months before trial, certify evidence for admission at trial, and introduce critical evidence at trial, in addition to performing superfluous work such as developing and presenting lengthy arguments in support of causes of action not amended to complaint, are some of the acts of legal malpractice and negligence that culminated in Fletcher's loss at trial.

40. Because of ACH's negligence, Wockner and Fletcher owe ACH nothing.

## **ESTOPPEL**

41. Plaintiff Alerding entered into an agreement with Fletcher and Wockner knowing he was impaired by substance abuse and was unable to adequately perform his duties.

42. Alerding immediately assigned two inexperienced attorneys to Fletcher's case and never engaged himself as the lead attorney and litigator he promised in pre-engagement negotiations and in accordance with ACH's Engagement Letter. Alerding failed to learn

the facts and evidence of the case, failed to re-depose Mrs. Taylor as he stated to Wockner in pre-engagement discussions, failed to certify critical evidence for admission at trial, failed to pursue discovery when such opportunities arose, and failed to prepare and submit Pre-Trial order on behalf of Fletcher.

43. Alerding's failure to execute in preparing for and presenting Fletcher's trial, as originally promised in pre-engagement negotiations with Wockner, resulted in Fletcher's loss at trial.

44. ACH should be estopped from recovery of fees for services not provided or performed consistent with their Engagement Letter and pre-engagement negotiations with Wockner.

Defendants Fletcher and Wockner reserve future introduction of any other matter constituting an avoidance or affirmative defense and/or amendment of this answer and shall file a Counter-Complaint for Legal Malpractice, Fraud in the Inducement, and Breach of Fiduciary Duty concurrent with this answer.

Further, Plaintiff's claim against Fletcher and Wockner is frivolous, baseless and in bad faith, and Fletcher and Wockner will be entitled to attorneys fees pursuant to Ind. Code § 34-52-1-1. Fletcher and Wockner hereby place Plaintiff on notice that they intend to seek such fees in this proceeding.

Dated: October 11, 2016

_____
Paul Fletcher
1203 E Cota Street
Santa Barbara, California  93103
(805) 962-3929

_____
Carole Wockner
1203 E Cota Street
Santa Barbara, California 91303
(805) 456-9585

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF INDIANA

INDIANAPOLIS DIVISION

| | |
|---|---|
| ALERDING CASTOR HEWITT, LLP, | ) |
| Plaintiff, | ) Case. No.1:16-cv-02453-RLY-DML |
| v. | ) |
| PAUL FLETCHER and CAROLE WOCKNER | ) |
| Defendants. | ) |

**PROOF OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document, ANSWER AND AFFIRMATIVE DEFENSES, has been served this 12 day of October, 2016, by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to the following:

Michael Alerding
Alerding Castor Hewitt, LLP
47 S. Pennsylvania Street, Suite 700
Indianapolis, IN 46204

By: Kathleen Krueger
5840 N. Kenton Avenue
Chicago, IL 60646

11