UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALERDING CASTOR HEWITT LLP,  )<br>  )<br>                Plaintiff,  )<br>  )<br>              v.  )<br>  )<br>PAUL FLETCHER,  )<br>CAROLE WOCKNER,  )<br>  )<br>              Defendants.  )<br>_____)<br>  )<br>CAROLE WOCKNER,  )<br>PAUL FLETCHER,  )<br>  )<br>              Counter Claimants,  )<br>  )<br>              v.  )<br>  )<br>ALERDING CASTOR HEWITT LLP,  )<br>  )<br>              Counter Defendant.  )<br>_____)<br>  )<br>WAYNE GOLOMB,  )<br>GRACEIA GOLOMB,  )<br>  )<br>              Miscellaneous.  )  | No. 1:16-cv-02453-RLY-MJD |

**ORDER ON MOTION TO QUASH**

This matter comes before the Court on a *Motion to Quash*, filed by non-parties Wayne R. Golomb and Graceia Golomb (collectively "the Golombs"). [Dkt. 61.] The Defendants and Counter-Plaintiffs in this case issued a subpoena to National Financial Services, LLC d/b/a Fidelity Investments ("Fidelity Investments") seeking financial documents relating to the Golombs. The Golombs request the Court to quash the subpoena because the subpoena is

1

procedurally improper and seeks information patently irrelevant to either Plaintiff's or Defendants' claims and defenses in the instant lawsuit. For the reasons set forth below, the Court **GRANTS** the Golombs' Motion.

## I.     Background

This is a breach of contract and unjust enrichment action brought by Alerding Castor Hewitt, LLP ("ACH") against its former clients, Paul Fletcher and Carole Wockner. ACH alleges Defendants failed to remit payment for the legal services that ACH provided Defendants in Defendants' lawsuit against Mark Zupan (the "Zupan lawsuit"). [Dkt. 1] Defendants counterclaim that ACH failed to provide adequate legal services to Defendants during its representation which led to Defendants' loss in the Zupan lawsuit. [Dkt. 14.]

On July 27, 2017, Defendants issued a subpoena to Fidelity Investments seeking:

1. All Symphony Log records for customer/client Wayne Golomb between January 1, 1997, and March 31, 2016.
2. All records of deposits and transfers into any and all accounts at National Financial Services, LLC and/or Fidelity Investments held by Wayne R. Golomb and/or Garceia M. Voyles, and/or to the benefit of Wayne R. Golomb and/or Graceia M. Voyles, including, ***but not limited to***, wired or electronic transactions or otherwise routed through UMB routing no. 101205681 between January 2004 and December 2009.

[Dkt. 61-2 at 4 (emphasis in original).] Defendants argue the subpoenaed documents are necessary to show that ACH neglected opportunities to obtain meaningful discovery in their forgery case against Mark Zupan and also neglected to both pursue and follow-up with new discovery from Wayne Golomb's deposition in a related lawsuit against Defendants' former counsel and Wayne Golomb (the "Golomb lawsuit").

The Golombs argue the subpoena is procedurally improper and seeks information patently irrelevant to either ACH or Defendants' claims and defenses in the instant lawsuit. In response, Defendants argue that the Golombs filed their motion to quash in the wrong court

because this Court does not have the power to quash the production of documents that would occur in the Central District of California. Defendants also contend that the subpoenaed documents are proportionately relevant to Defendants' claims in the instant matter and are Fidelity Investments' business records over which the Golombs have no standing to object.

## II. Discussion

As an initial matter, the Court notes that the instant motion is not properly designated as a motion to quash the subpoena because the subpoena in question is not directed at the Golombs. [*See* Dkt. 61-2.] As a general rule, only the person subject to a subpoena has standing to move to quash or modify a subpoena pursuant to Federal Rule of Civil Procedure 45. *See Uppal v. Rosalind Franklin Univ. of Med. & Sci.*, 124 F. Supp. 3d 811, 815 (N.D. Ill. 2015). Here, the person subject to the subpoena is Fidelity Investments. [Dkt. 61-2.] Thus, only Fidelity Investments has standing to bring a motion to quash the subpoena.

However, "[d]istrict courts have found that a [person] who lacks standing under Rule 45 to challenge a subpoena may 'achieve a similar end under Rule 26' by requesting a protective order relating to document requests served on a [non-party]." *Allstate Ins. Co. v. Electrolux Home Prods., Inc.*, No. 16–CV–4161, 2017 WL 5478297, at *3 (N.D. Ill. Nov. 15, 2017) (quoting *Mfr. Direct, LLC v. Directbuy, Inc.*, No. 2:05 CV 451, 2007 WL 496382, at *3 (N.D. Ind. Feb. 12, 2017)); *see also* Fed. R. Civ. Pro. 26(c). Here, the subpoena seeks documents containing the Golombs' personal financial information. [Dkt. 61-2 at 4.] Thus, although the Golombs lack standing to quash the subpoena, the Golombs have standing to move for a protective order pursuant to Rule 26. Accordingly, in the interest of judicial economy, the Court will treat this motion to quash as a motion for a protective order and will proceed to consider the merits of the Golombs' motion.

The scope of material obtainable by a Rule 45 subpoena generally is measured by the same broad relevancy standard applicable to party discovery under Rule 26(b)(1). *Arthrex, Inc. v. Parcus Med., LLC*, 2011 WL 6415540, at *3 (S.D. Ind. Dec. 21, 2011); *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 253 (S.D. Ind. 2002). Rule 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Pro. 26(b)(1). The party seeking the discovery bears the burden to prove that the requested documents are both relevant and proportional to the needs of the case. *Id.*

Here, Defendants counterclaim that ACH committed legal malpractice during its representation of Defendants in the Zupan lawsuit. [Dkt. 14.] Defendants argue that the Golombs' financial records would be necessary to prove their legal malpractice claim against ACH because the records show that ACH failed to pursue and follow-up with new discovery from Mr. Golomb's deposition on March 23, 2016 where Mr. Golomb testified he received $30,000 from Mr. Taylor's non-probate assets. [Dkt. 75 at 3.]

In analyzing whether the subpoenaed documents are relevant to Defendants' legal malpractice claim against ACH, the Court will apply Indiana law because neither Defendants nor ACH include a choice of law analysis in their briefs. *See Price Waicukauski & Riley, LLC v. Murray*, 47 F. Supp. 3d 810, 818 (S.D. Ind. 2014) (citing *ECHO v. Whitson Co.*, 52 F.3d 702, 707 (7th Cir. 1995) (noting that the court should apply the forum state's law in the absence of any argument to the contrary)). In Indiana, to prove a legal malpractice claim, a party must establish: (1) employment of the attorney (duty); (2) failure of the attorney to exercise ordinary skill and knowledge (breach); (3) proximate cause (causation); and (4) loss to the party (damages). *Waicukauski & Riley, LLC*, 47 F. Supp. 3d at 819. Causation is an essential element that must be

proven in a legal malpractice case. *Id.* To show causation, the claimants must prove, by a preponderance of the evidence, that, but for the attorney's alleged negligence, the claimants would have prevailed on their claims in the Zupan lawsuit. *Id.* at 823.

Here, Defendants argue that but for ACH's failure to obtain meaningful evidence, in this instance the subpoenaed documents in issue, Defendants would have prevailed in the Zupan lawsuit. [Dkt. 75.] This argument is without merit. When ACH began its representation of Defendants in the Zupan lawsuit in October 2012, discovery was already closed and a deadline for a response to Zupan's motion for summary judgment was approaching. [Dkt. 14 at 24.] *See also Fletcher v. Nat'l Fin. Servs.*, 4 N.E.3d 1225 (Table), 2014 WL 458298, at *7–8 (Ind. Ct. App. Feb. 4, 2014) (noting that the trial court in the Zupan lawsuit closed discovery on September 10, 2012); *Lake County Indiana*, *Fletcher v. Fid. Invs. et al*, https://www.lakecountyin.org/portal/user/anon/page/online-docket-welcome (insert "45D11-0902-PL-00024" into "Case Number" search field and press "Search"; click on "Dockets" tab; click on "Next" and proceed to see the entries dated "2012-10-02" ) (demonstrating that Michael Alerding and other counsel from ACH did not appear in the Zupan lawsuit until October 2, 2012, when they filed their appearances with the Lake County Superior Court).

ACH thereafter undertook efforts to reopen discovery, to the extent of appealing the trial court's refusal to reopen discovery in the case. ACH's effort to reopen discovery failed after the Indiana Court of Appeals affirmed the trial court's decision to close discovery. *Fletcher v. Nat'l Fin. Servs.*, 4 N.E.3d 1225 (Table), 2014 WL 458298, at *7–8 (Ind. Ct. App. Feb. 4, 2014). Specifically, the court reasoned that:

> Fletcher claims that the trial court abused its discretion when it closed discovery. Fletcher claims that the trial court should have continued discovery to allow him to seek out-of-state discovery. We disagree …. Fletcher had over three years, and four separate counsel, to conduct his discovery. That the trial court decided to

5

finally close discovery after this amount of time was not an abuse of the trial
court's considerable discretion in such matters.

*Id*.

Defendants maintain that the trial court in the Zupan lawsuit "*did allow* additional evidence that [Defendants] gained in early July 2016 through [their] legal malpractice case to be admitted as evidence in [their] underlying case to be presented at trial by [ACH] on July 18, 2016." [[Dkt. 75](#) at 5 (emphasis in original).] However, Defendants did not cite any court order to support their position. Furthermore, even if the trial court allowed discovery obtained in a separate malpractice case to be used at the trial of the underlying matter, there is no evidence that ACH had any involvement in that separate malpractice action. If the discovery sought by the instant subpoena had been obtained in the separate malpractice action, then the discovery sought by the subpoena would already be in Defendants' hands and would therefore be cumulative; if not, Defendants have demonstrated no way ACH could have obtained the evidence for use in the Zupan lawsuit.

Because discovery was closed when ACH started representing Defendants in the Zupan lawsuit, ACH would not have been able to obtain the Golombs' financial records as evidence to be presented at trial in that case. As a result, the Golombs' financial records are not relevant to Defendants' legal malpractice claim against ACH and thus are not discoverable. Accordingly, the Court **GRANTS** the Golombs a protective order preventing the production of the subpoenaed documents.

### III. <u>Conclusion</u>

For the foregoing reasons, the Court hereby **GRANTS** *Non-parties Wayne R. Golomb and Graceia Golomb's Motion to Quash*. [[Dkt. 61.](#)]

In addition, the Golombs request that the Court order Defendants to pay all of the Golombs' undue expenses and attorneys' fees related to the Defendants' subpoena. [Federal Rule of Civil Procedure 37(a)(5)](#) provides that if a motion for protective order is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Here, the Court grants the Golombs a protective order. Thus, the Golombs are entitled to reasonable expenses and fees related to the Defendants' subpoena. Accordingly, the Golombs shall file a brief to show their expenses and fees related to the Defendants' subpoena within **twenty-one (21) days** from the date of this Order. Defendants shall have **twenty-one (21) days** after service of the motion to respond. The Golombs shall have **fourteen (14) days** thereafter to file any reply.

SO ORDERED.

Dated: 5 DEC 2017

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

CAROLE WOCKNER
1203 E. Cota Street
Santa Barbara, CA 93103

PAUL FLETCHER
1203 E. Cota Street
Santa Barbara, CA 93103

Michael J. Alerding
ALERDING CASTOR LLP
malerding@alerdingcastor.com

Michael E. Brown
KIGHTLINGER & GRAY LLP
mbrown@k-glaw.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN LLP
gplews@psrb.com

Anthony Roach
ALERDING CASTOR HEWITT LLP
aroach@alerdingcastor.com

Joanne Rouse Sommers
PLEWS SHADLEY RACHER & BRAUN LLP
jsommers@psrb.com