UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALERDING CASTOR HEWITT LLP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-02453-JPH-MJD |
| | ) | |
| PAUL FLETCHER, | ) | |
| CAROLE WOCKNER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| CAROLE WOCKNER, | ) | |
| PAUL FLETCHER, | ) | |
| | ) | |
| Counter Claimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALERDING CASTOR HEWITT LLP, | ) | |
| | ) | |
| Counter Defendant. | ) | |
| | ) | |
| WAYNE GOLOMB, | ) | |
| GRACEIA GOLOMB, | ) | |
| | ) | |
| Miscellaneous. | ) | |

**ORDER**

Defendants, Paul Fletcher and Carole Wockner, removed this case to this Court after alleging that this Court has diversity jurisdiction over this matter. Dkt. 1. For the Court to have diversity jurisdiction over the parties, the amount in controversy must exceed $75,000, exclusive of interest and costs,

1

and the litigation must be between citizens of different states. 28 U.S.C. § 1332(a). When determining the citizenship of a limited partnership, "the citizenship of all the limited partners, as well as of the general partner, counts." *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003) (quoting *Mkt. St. Assocs. Ltd. P'ship v. Frey*, 941 F.2d 588, 589 (7th Cir. 1991)).

Here, Defendants allege the parties are diverse because Defendants are citizens of California and Plaintiff "is an Indiana limited liability partnership with its principal office" in Indiana. Dkt. at 2. This is insufficient because, as an LLP, Plaintiff's citizenship is based on the citizenship of its members, not its place of association or principle place of business.

Counsel has an obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has the responsibility to ensure it has jurisdiction. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court's obligation includes knowing the details of the underlying jurisdictional allegations. *See Evergreen Square of Cudahy v. Wis. Hous. and Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement...and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

Therefore, the Court **ORDERS** Plaintiff to file jurisdictional statement by January 25, 2019, that provides the citizenship of its limited partners and any general partner. Should that statement leave the Court's jurisdiction unresolved, the Court will require the parties to conduct further investigation

and file a joint jurisdictional statement regarding the underlying jurisdictional allegations before the litigation moves forward.

**SO ORDERED.**

Date: 1/11/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CAROLE WOCKNER
1203 E Cota Street
Santa Barbara, CA 93103

PAUL FLETCHER
1203 E Cota Street
Santa Barbara, CA 93103

Michael J. Alerding
ALERDING CASTOR LLP
malerding@alerdingcastor.com

Michael E. Brown
KIGHTLINGER & GRAY, LLP (Indianapolis)
mbrown@k-glaw.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN LLP
gplews@psrb.com

Anthony Roach

3

ALERDING CASTOR HEWITT LLP
aroach@alerdingcastor.com

Joanne Rouse Sommers
PLEWS SHADLEY RACHER & BRAUN LLP
jsommers@psrb.com