UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALERDING CASTOR HEWITT LLP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:16-cv-02453-JPH-MJD |
| | ) |
| PAUL FLETCHER, | ) |
| CAROLE WOCKNER, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| CAROLE WOCKNER, | ) |
| PAUL FLETCHER, | ) |
| | ) |
| Counter Claimants, | ) |
| | ) |
| v. | ) |
| | ) |
| ALERDING CASTOR HEWITT LLP, | ) |
| | ) |
| Counter Defendant. | ) |
| | ) |
| WAYNE GOLOMB, | ) |
| GRACEIA GOLOMB, | ) |
| | ) |
| Miscellaneous. | ) |

**ORDER GRANTING ALERDING CASTOR'S MOTION FOR
PARTIAL SUMMARY JUDGMENT ON DEFENDANTS' COUNTERCLAIM**

Alerding Castor Hewitt LLP sued Carole Wockner and Paul Fletcher

(collectively "Defendants") in Marion County Circuit Court alleging that

Defendants failed to pay for legal services provided. Defendants removed the

case to federal court and filed their Counterclaim against Alerding Castor. Dkt.

1

14. Before the Court is Alerding Castor's Motion for Partial Summary Judgment on Defendants' Counterclaim. Dkt. [129]. Because Defendants did not timely respond, this Motion is ripe for review. *See* dkt. 160; dkt. 165; dkt. 169. For the reasons stated below, the Motion is **GRANTED**.

## I.
## Factual and Procedural History

Under Rule 56(a), the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). Because Defendants did not timely respond to Alerding Castor's motion for summary judgment, the Court treats Alerding Castor's supported factual assertions as uncontested. S.D. Ind. L.R. 56.1(b). *See, e.g., Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

Defendants' Counterclaim against Alerding Castor alleges breach of contract (Count I), legal malpractice (Count II), and breach of fiduciary duty (Count III). Dkt. 14 (Countercl.). Alerding Castor represented Defendants in a lawsuit against Mark Zupan and Fidelity Brokerage Services LLC ("Fidelity") in the Lake County Superior Court (the "Forgery Lawsuit"), to recover Fidelity investment accounts that were signed over from Defendants to Zupan. *Id.* at 7, 24 (Countercl. ¶¶ 38, 106). The Counterclaim alleges Alerding Castor failed to complete certain tasks and duties during its legal representation of Defendants in the Forgery Lawsuit. *Id.* at 29–31 (¶¶ 127–42).

The relevant and undisputed material facts regarding the Forgery Lawsuit are summarized as follows. In 1998, Scott Taylor named Fletcher, one of the Defendants in this case, as the sole beneficiary on three of his Fidelity investment accounts. *Id.* at 2–3 (¶¶ 11, 15–16). Taylor was diagnosed with terminal lymphoma, and on July 25, 2008, he moved to his parents' home, where he died on September 23, 2008. *Id.* at 4 (¶ 22). Defendants were advised after Taylor's death that a change of beneficiary form was executed on August 2, 2008 (the "Change of Beneficiary Form"), which changed the beneficiary of Taylor's Fidelity investment accounts to Zupan. *Id.* at 6 (¶ 33).

Defendants sued Zupan and Fidelity, alleging that Taylor's signature on the Change of Beneficiary Form was forged after Zupan had improperly obtained "information relating to Taylor's financial affairs, including his retirement accounts with Fidelity investments." *Id.* at 7 (¶ 38); dkt. 130-1 at 9 (Michael Alerding Aff., Ex. A, Compl. in Forgery Lawsuit, ¶ 12). As a result of the "intentional tortious misconduct," Defendants sought (1) an injunction against the distribution of any funds in Taylor's Fidelity retirement accounts to Zupan, (2) an award of damages in the amount of the Fidelity retirement accounts, (3) the recovery of punitive damages, and (4) attorney's fees. Dkt. 130-1 at 11–12 (Alerding Aff., Ex. A, Compl. in Forgery Lawsuit at 3–4). Subsequently, Fidelity was dismissed as a defendant. *Id.* at 14–15 (Ex. C, Order Dismissing Fidelity).

After initiating the Forgery Lawsuit, Defendants' first attorney—Alerding Castor was the fourth law firm to represent Defendants in the Forgery

3

Lawsuit—communicated his doubts to Defendants about the accuracy of the allegations against Zupan. *Id.* at 13 (Ex. B, Paarlberg May 12, 2009 Email). Fidelity's counsel informed Defendants' attorney that Taylor telephoned a Fidelity representative and told the representative to prepare the forms and name Zupan as his beneficiary. *Id.*

Defendants' second attorney deposed Fidelity's employee, Kim Rice, who had spoken with Taylor about changing his beneficiary. Dkt. 130-2 at 49 (Roach Aff., Trial Tr., Rice Dep. 43:6–9). Rice testified that she called Taylor on August 1, 2008, and Taylor asked her to change the beneficiary on all three of his Fidelity accounts to Zupan. *Id.* (Roach Aff., Ex. A, Rice Dep. 43:1–24). After the call, she prefilled the Change of Beneficiary Form and mailed it by United Parcel Service ("UPS") for Taylor to execute with a return envelope addressed to Fidelity's office. *Id.* at 50, 52 (44:1–17; 46:14–17). Rice testified that she received the Change of Beneficiary Form with Taylor's signature for his Fidelity retirement accounts and that she noted her dealing with Taylor in Fidelity's record keeping system. *Id.* at 44–47 (38:22–41:24). Fidelity's record keeping system corroborated Rice's testimony. *Id.* at 45–50 (39:1–44:14).

Defendants' second attorney also deposed Taylor's mother, Elsie Taylor. *Id.* at 30 (Elsie Dep.). Taylor's mother testified that Taylor received a package containing paperwork, he completed the paperwork, and he gave the package back to her for return delivery to Fidelity, which she did. *Id.* at 32–37 (26:13–31:5). Taylor's mother testified that Taylor's signature was on the Change of Beneficiary Form. *Id.* at 37 (31:1–3).

4

Defendants' third attorney obtained records from UPS, which corroborated Rice's testimony that Fidelity sent a prefilled Change of Beneficiary Form to Taylor on August 1, 2008. Dkt. 130-1 at 46–48 (Alerding Aff., Ex. G, UPS Records).

A document examiner reviewed handwriting exemplars by Taylor and concluded that it is "extremely probable that the signature on the questioned beneficiary change is authentic." *Id.* at 50 (Ex. H., Michael Meyer, June 7, 2012 Email).

When Alerding Castor began representing Defendants, discovery had closed and Zupan's motion for summary judgment was pending. Dkt. 14 at 15 (¶ 76). After the trial court granted Zupan's motion for summary judgment, Alerding Castor successfully appealed the decision and the case was remanded the case to the trial court. *Id.* (¶¶ 77–79). Both the trial court and appellate court disallowed reopening discovery. *Id.* at 15–16 (¶ 80). The trial court also granted Zupan's motion to convert the jury trial into a bench trial. Dkt. 130-1 at 5 (Alerding Aff. ¶ 26). On November 6, 2015, Alerding Castor spoke with Defendants and expressed concern that there was no evidence of forgery. *Id.* at 4 (¶ 23).

In November 2015, Anthony Roach, an attorney from Alerding Castor, began assisting with the Forgery Lawsuit. Dkt. 130-2 at 1 (Roach Aff. ¶ 2). On May 25, 2016, Michael Alerding informed the Court and Defendants that he, Mr. Alerding, was undergoing a series of medical procedures that would prohibit him from traveling and conducting the trial. Dkt. 130-1 at 6 (Alerding

Aff. ¶ 33). The trial court did not continue the trial and ordered other lawyers for Alerding Castor to conduct the trial. *Id.*

Prior to trial, Alerding Castor submitted a trial memorandum, citing caselaw with an expansive definition of forgery and alternative examples of forgery. Dkt. 130-2 at 212–21 (Roach Aff., Ex. B, Trial Mem.).

At the bench trial, Alerding Castor admitted the evidence Defendants believed was critical to their case except for records relating to Zupan's discussion of an automobile that Defendants contend Zupan wrongfully obtained. *Id.* at 5 (Roach Aff. ¶ 30). These records did not provide evidence of the alleged forgery or any contested issues of fact but were relevant only to Zupan's allegedly bad character. *Id.*

Mr. Roach argued to the trial court that "it does not have to be proven or alleged that the defendant actually forged his signature in order to find him guilty of forgery." *Id.* at 19 (Trial Tr. at 13).

Zupan's counsel moved for a judgment on the evidence, which the trial court granted after it determined that the evidence presented was too circumstantial and speculative to support a verdict against Zupan. *Id.* at 6 (¶ 32); *id.* at 207–08 (Ex. A, Trial Tr. 201:8–202:19).

Alerding Castor filed suit against Defendants for unpaid legal fees incurred in representing them in the Forgery Lawsuit. Dkt. 1-2. Defendants filed this Counterclaim alleging that Alerding Castor breached its duties during the course of its representation. Dkt. 14.

# II.
# Legal Standard

Partial summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324. In ruling on a motion for partial summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

When a party offers no response to a motion for partial summary judgment, the Court treats the moving party's supported factual assertions as uncontested. S.D. Ind. L.R. 56.1(b). *See, e.g., Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). "The entry of summary judgment is not automatic, however, and may only be granted when the undisputed facts lead to judgment as a matter of law." *O'Brien v. Moores*, 784 F. Supp. 2d 1054, 1055 (S.D. Ind. 2011) (citing *Wash Int'l Ins. Co. v. Bucko Constr. Co.*, 2007 WL 2384273 (N.D. Ind. 2007)).

Because the Court's jurisdiction over this action is based on diversity, 28 U.S.C. § 1332, the forum state's choice of law rules determine the applicable state substantive law. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014). When "no party raises the choice of law issue, the federal court may simply apply the forum state's substantive law." *Id.* (citations omitted). Here, Indiana law applies.

## III.
## Discussion

### A.
### Counterclaim Count II (Legal Malpractice)

Alerding Castor argues it is entitled to summary judgment on Defendants' claim of legal malpractice because Defendants cannot establish breach or proximate cause. Under Indiana law, "[t]o prove a legal malpractice claim, a plaintiff must establish: 1) employment of the attorney (duty); 2) failure of the attorney to exercise ordinary skill and knowledge (breach); 3) proximate cause (causation); and 4) loss to the plaintiff (damages)." *Flatow v. Ingalls*, 932 N.E.2d 726, 729 (Ind. Ct. App. 2010) (citing *Thayer v. Vaughan*, 798 N.E.2d 249, 255 (Ind. Ct. App. 2003)). Summary Judgment on a legal malpractice claim is appropriate if the designated evidence negates at least one of these elements. *See Van Kirk v. Miller*, 869 N.E.2d 534, 540–41 (Ind. Ct. App. 2007).

In Indiana, an attorney's duty is generally "to exercise ordinary skill and knowledge." *Id.* at 544 (citation omitted). Expert testimony is usually required

8

to establish the standard of care by which the defendant attorney's conduct is measured. *Storey v. Leonas*, 904 N.E.2d 229, 238 (Ind. Ct. App. 2009).

To establish the applicable standard of care, Alerding Castor has presented an expert report from attorney David C. Jensen. Jensen's thorough report discusses his review of the record from the Forgery Lawsuit in light of the applicable standard of care. Dkt. 130-3. Jensen concludes that Alerding Castor exercised ordinary skill and knowledge in litigating the Forgery Lawsuit and met the standard of care they were obligated to provide in its representation of Defendants. *Id.* at 16. Jensen's conclusions are amply supported by the facts in the record.

Defendants have not met their burden in establishing that there is any triable issue as to whether Alerding Castor exercised ordinary skill and knowledge in representing Defendants in the Forgery Lawsuit. In their Counterclaim, Defendants identify seven actions that Alerding Castor allegedly failed to do: 1) "research the appropriate statute for forgery and cite proper authority for forgery"; 2) "file a Pre-Trial Order"; 3) "properly introduce most critical evidence at trial"; 4) "argue to secure adverse rulings for appeal during trial"; 5) "produce a trial outline"; 6) "know the facts of proof of [Defendants'] case"; and 7) "use experienced attorneys to present [Defendants'] case". Dkt. 14 at 30–31 (¶ 132). Defendants, however, did not timely advance any argument or designate any evidence in response to Alerding Castor's Motion for Partial Summary Judgment. *See* dkt. 160; dkt. 165; dkt. 169. Additionally, having missed the deadline to file expert disclosures, Defendants are precluded

from introducing expert testimony. *See* dkt. 124; dkt. 148. Therefore, Jensen's report is uncontested. Accordingly, Defendants cannot show that Alerding Castor failed to exercise due care and diligence in their representation of Defendants in the Forgery Lawsuit. *See Boczar v. Reuben*, 742 N.E.2d 1010, 1018 (Ind. Ct. App. 2001) (affirming the trial court's grant of summary judgment in favor of the attorney, including his clients' legal malpractice counterclaim, because the clients "failed to designate any evidence establishing that [the attorney] committed malpractice," after the clients failed to present expert testimony in support of their claim).

There similarly is no triable issue as to proximate cause. In a legal malpractice action, proximate cause is a "but for" requirement, that is, a plaintiff must show that that the outcome of the underlying action would have been more favorable "but for" the attorney's negligence. *Gates v. O'Connor*, 111 N.E.3d 215, 224 (Ind. Ct. App. 2018) (citation omitted). "Such proof typically requires a 'trial within a trial.'" *Flatow v. Ingalls*, 932 N.E.2d 726, 729 (Ind. Ct. App. 2010) (citation omitted).

Here, the undisputed facts establish that the outcome of the Forgery Lawsuit would have been the same regardless of how Alerding Castor handled the tasks that Defendants complain they failed to do. Discovery had already closed when Defendants hired Alerding Castor to represent them. Dkt. 14 at 15 (¶ 76). While Alerding Castor sought to reopen discovery, the request was denied by both the Lake Superior Court and the Court of Appeals. *Id.* at 15–16 (¶ 80). The designated portions of the record from the Forgery Lawsuit do not

contain any evidence from which a trier of fact could conclude that Taylor's signature was forged on the Change of Beneficiary Form or that there would have been a different outcome in the Forgery Lawsuit "but for" Alerding Castor's alleged failure to do the things complained of by Defendants. Moreover, having failed to respond to Alerding Castor's motion for summary judgment, Defendants have not designated any evidence from which such a conclusion could be drawn. Defendants therefore cannot establish proximate cause.

Defendants cannot show that Alerding Castor failed to exercise due care and diligence in their handling of the Forgery Lawsuit, or that the outcome of the Forgery Lawsuit would have been different "but for" Alerding Castor's alleged failure to do the things complained of by Defendants. Therefore, Alerding Castor is entitled summary judgment on Count II.

## B.
## Counts I and III (Breach of Contract and Breach of Fiduciary Duty)

Alerding Castor also seeks summary judgment on Counts I and III that respectively set forth claims for breach of contract and breach of fiduciary duty. Because these counts arise out of the same operative facts as Count II, Alerding Castor argues they are not separate, independent causes of action but the same legal malpractice claim presented in Count II only relabeled with a different title. Defendants have not made any arguments to the contrary because they did not timely file a response.

Alerding Castor cites *Shideler v. Dwyer*, 417 N.E.2d 281, 285 (Ind. 1981) in support of this argument. While the issue in *Shideler* was the applicable

11

statute of limitations, central to the Indiana Supreme Court's decision was analysis of how Indiana courts go about determining the nature of an action. The plaintiff's complaint—against an attorney and law firm for alleged malpractice in drafting a will—alleged several substantive causes of action in multiple counts: (1) breach of contract; (2) negligence; (3) fraud; (4) constructive fraud; and (5) breach of fiduciary duty). *Id.* Rejecting the plaintiff's attempt to get around the two-year statute of limitations applicable to tort actions, the court followed the "general rule" that "it is the nature or substance of the cause of action, rather than the form of the action, which determines the applicability of the statute of limitations." *Id.* The court reasoned:

> In short, though parties confronted with a limitations problem often attempt, as Plaintiff has attempted here, to evade such difficulties by reliance upon pleading technicalities, the courts have consistently rebuffed these efforts in favor of substantive analysis. Particularly in view of the heightened emphasis on substance and the disregard of the mere form which the Trial Rules demand, it is clear that such formalistic pleading arguments no longer merit serious attention. With respect to the Complaint herein, the number and variety of Plaintiff's technical pleading labels and theories of recovery cannot disguise the obvious fact—apparent even to a layman—that this is a malpractice case. . ."

*Id.* at 286.

Here, all counts in the Counterclaim arise from Alerding Castor's representation of Defendants in the Forgery Lawsuit. That Defendants have chosen to include additional counts identified as actions for breach of contract and breach of fiduciary duty does not change the fact that their claim against Alerding Castor is for legal malpractice. *See, e.g., O.K. Sand & Gravel, Inc. v.*

12

*Martin Marietta Corp.*, 786 F. Supp. 1442, 1449 (S.D. Ind. 1992) (applying Indiana law) (finding that the substance of the claims alleged was for breach of fiduciary duty rather than breach of contract); *Meisenhelder v. Zipp Express, Inc.*, 788 N.E.2d 924, 932 (Ind. Ct. App. 2003) (finding that substance of claim was for breach of contract rather than promissory estoppel); *Butler v. Williams*, 527 N.E.2d 231, 234 (Ind. Ct. App. 1988) (finding that the substance of the claim was for negligence rather than breach of contract). *See also* Ind. Trial Rule 8(F) ("All pleadings shall be so construed as to do substantial justice, lead to disposition on the merits, and avoid litigation of procedural points.).

While Alerding Castor has not cited nor has the Court identified an Indiana case where a court dismissed contract and tort claims on the basis that they were duplicative of a malpractice claim, it is clear from *Shideler* and other cited authorities that this is the correct outcome under Indiana law. *See Shideler*, 417 N.E.2d at 286. This result is also consistent with the approach taken by other courts in dismissing breach of contract and other tort claims as duplicative of an underlying legal malpractice claim. *See, e.g., Hoagland v. Sandberg, Phx. & Von Gontard, P.C.*, 385 F.3d 737, 744 (7th Cir. 2004) (applying Illinois law) (legal malpractice claim could not be re-characterized as a breach of fiduciary duty claim or a breach of contract claim to avoid dismissal because such claims would be duplicative). *See also Brookwood Cos., Inc. v. Alston & Bird LLP*, 146 A.D.3d 662 (1st Dept. 2017); *Ill. Nat'l Ins. Co. v. Wiles, Boyle, Burkholder & Bringardner Co., L.P.A.*, 2010-Ohio-5872 (Ct. App.). Considering *Shideler* and other Indiana authority, the Court has no

reason to believe that Indiana courts would deviate from this straightforward approach. Having failed to respond to the motion for summary judgment, Defendants have presented no contrary argument or authority.

Since Defendants cannot prove a case of legal malpractice against Alerding Castor, Alerding Castor is entitled to summary judgment on the breach of fiduciary duty and breach of contract claims.

## IV.
## Conclusion

For reasons stated above, Alerding Castor's Motion for Partial Summary Judgment on Defendants' Counterclaim is **GRANTED**, dkt. [129].

**SO ORDERED.**

Date: 4/18/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CAROLE WOCKNER
1203 E Cota Street
Santa Barbara, CA 93103

PAUL FLETCHER
1203 E Cota Street
Santa Barbara, CA 93103

Michael J. Alerding
ALERDING CASTOR LLP
malerding@alerdingcastor.com

Michael E. Brown
KIGHTLINGER & GRAY, LLP (Indianapolis)
mbrown@k-glaw.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN LLP
gplews@psrb.com

Anthony Roach
ALERDING CASTOR HEWITT LLP
aroach@alerdingcastor.com

Joanne Rouse Sommers
PLEWS SHADLEY RACHER & BRAUN LLP
jsommers@psrb.com