UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALERDING CASTOR HEWITT LLP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-02453-JPH-MJD |
| | ) | |
| PAUL FLETCHER, | ) | |
| CAROLE WOCKNER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| CAROLE WOCKNER, | ) | |
| PAUL FLETCHER, | ) | |
| | ) | |
| Counter Claimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALERDING CASTOR HEWITT LLP, | ) | |
| | ) | |
| Counter Defendant. | ) | |
| | ) | |
| WAYNE GOLOMB, | ) | |
| GRACEIA GOLOMB, | ) | |
| | ) | |
| Miscellaneous. | ) | |

**ENTRY ON OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDERS**

Before the Court are objections to orders issued by the Magistrate Judge. Non-parties, Wayne R. Golomb and Graceia Golomb, object to the Magistrate Judge's Order denying their motion for fees and expenses, dkt. [157]. Defendants object to the Magistrate Judge's Order denying their motion for a

1

court-sourced expert witness, dkt. [158], and the Order denying their motion for leave to file a tardy and oversized response to Alerding Castor's motion for partial summary judgment, dkt. [171]. For the reasons below, the Court **OVERRULES** all three objections.

## I.
## Legal Standard

The objecting party bears the burden of showing that the Magistrate Judge's order should be set aside or modified. *See Crawford v. Prof'l Transp., Inc.*, 2015 WL 5123871, at *4 (S.D. Ind. Sept. 1, 2015). A court will sustain an objection and set aside or modify a magistrate judge's order only if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). An order is clearly erroneous "only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Pain Ctr. of SE Ind., LLC v. Origin Healthcare Sols., LLC*, 2014 WL 6674757, at *2 (S.D. Ind. Nov. 25, 2014).

The standard of review is deferential. To find a decision clearly erroneous, it is not enough for a reviewing court to "have doubts about its wisdom or think [it] would have reached a different result." *Parts & Elec. Motors, Inc. v. Sterling Elec. Co.*, 866 F.2d 228, 233 (7th Cir. 1988). It must be "dead wrong," striking the reviewing court as "wrong with the force of a five-week-old, unrefrigerated dead fish." *Id.*

# II.
# Discussion

## A.
## The Golombs' objection to the Magistrate Judge's December 10, 2018 Order

On December 5, 2017, the Magistrate Judge granted the Golombs' motion to quash Defendants' subpoena for their financial records and issued a protective order under Federal Rule of Civil Procedure 26(c). Dkt. 87. The Magistrate Judge found that the Golombs were "entitled to reasonable fees and expenses related to Defendants' subpoena" and gave the Golombs leave to file a "brief to show their expenses." *Id.* at 7. Defendants objected to the Magistrate Judge's Order, dkt. 103, and on March 20, 2018, District Judge Richard L. Young found "no error in issuing the sanction of attorney's fees against Defendants." Dkt. 110 at 2.

On December 10, 2018, the Magistrate Judge denied the Golombs' request for fees because they had not satisfied the meet and confer requirement of Federal Rule of Civil Procedure 37 prior to filing their motion to quash. Dkt. 150. The Golombs objected, arguing they were not required to meet and confer under Local Rule 31-1(c) and even if they were required to meet and confer, they fulfilled any such duty by sending a letter to Defendants. The Golombs further argue that the Magistrate Judge had already decided that they were entitled to attorney's fees and expenses.

Rule 37(a) provides that if a protective order is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct,

3

or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a). But the Court "must not order this payment if the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action." Fed. R. Civ. P. 37(a)(5)(A)(i).

When the Magistrate Judge granted the Golumbs' motion, the parties had not yet raised nor had the Magistrate Judge considered whether the Golombs had satisfied the meet and confer requirement. Dkt. 87. The Magistrate Judge issued his December 2018 Order after briefing from the parties on the meet and confer issue. Nothing about the Magistrate Judge's December 2017 Order precluded him from later determining that that fees should not be awarded under Fed. R. Civ. P. 37(a)(5)(A)(i).

The Golombs also contend that they were not required to satisfy the meet and confer requirement of Federal Rule of Civil Procedure 37 because the Local Rules exempt pro se litigants from such requirement: "[d]iscovery disputes involving pro se parties are not subject to [Local Rule] 37-1." Federal Rule of Civil Procedure 37, however, does not have an exemption for pro so litigants and the federal rules control when there is inconsistency between the Federal Rules of Civil Procedure and the Local Rules. *See* Fed. R. Civ. P. 83(1)(a) (Local Rules "must be consistent with—but not duplicate—federal statutes and rules . . . ."); *Rand v. Monsanto Co.*, 926 F.2d 596, 600 (7th Cir. 1991) ("Local rules are valid only to the extent they are consistent with the national rules, Fed. R. Civ.

4

P. 83…"), *overruled on other grounds by Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015).

The Golombs contend that they satisfied the good faith meet and confer requirement of Federal Rule of Civil Procedure 37 when they sent a letter to Defendants before filing their motion to quash. In support of their position, the Golombs rely on *Redmond v. Leatherwood*, 2009 WL 4066610, at *2 (E.D. Wis. Nov. 20, 2009) and the argument that the cases cited by the Magistrate Judge did not involve pro se litigants or non-parties.

Neither argument carries the day. The Federal Rules of Civil Procedure trump Local Rules, and the Magistrate Judge acted well within his discretion in finding that sending the letter did not satisfy the meet and confer requirement. *See Aregood v. Givaudan Flavors Corp.*, No. 1:14-cv-00274-SEB-TAB, 2016 WL 1718289, at *6 (S.D. Ind. Apr. 29, 2016) ("Conferring is not the same as communicating... To confer, the parties must actually consult with one another."); *Slabaugh v. LG Elecs. USA, Inc.*, No. 1:12-cv-01020-RLY-MJD, 2015 WL 500849, at *3 (S.D. Ind. Feb. 3, 2015) ("[T]he meet and confer requirement of Local Rule 37-1 requires more than a mere exchange of letters or e-mails…"); *Loparex, LLC v. MPI Release Techs., LLC*, No. 1:09-cv-1411-JMS-TAB, 2011 WL 1871167, at *2 (S.D. Ind. May 16, 2011) ("An electronic ultimatum is not a good faith attempt to resolve a discovery dispute.").

Last, the Golombs argue that Defendants failed to serve them with the subpoena to Fidelity or otherwise give them notice that it had been served. But Defendants were not required to give the Golombs notice prior to subpoenaing

their financial records from Fidelity because they are not parties to this lawsuit. *See* Local Rule 45-1.

The Magistrate Judge acted well within his discretion in finding that the Golombs were not entitled to attorney's fees and expenses. Thus, their objection is **OVERRULED**. Dkt. 157.

## B.
## Defendants' Objection to the Magistrate Judge's November 27, 2018 Order

On November 27, 2018, the Magistrate Judge denied Defendants' motion for a court-sourced expert. The Magistrate Judge explained that the deadline for the Golombs to disclose their experts had passed and the relief sought would require the Court to advocate on behalf of Defendants. Dkt. 148. On January 2, 2019, Defendants filed an objection arguing that their initial motion was untimely only because the deadline to disclose experts fell on a federal holiday, and that the Court would not be advocating on their behalf by making an expert witness available to them. Dkt. 158.

Federal Rule of Civil Procedure 72(a) provides that an objection to a magistrate judge's order must be filed "within 14 days after [the objecting party is] served with a copy." The Magistrate Judge entered his Order on November 27, 2018, and Defendants filed their objection on January 2, 2019, outside of the fourteen-day window. Besides being untimely, Defendants' objection fails on the merits as Defendants have not shown that the Magistrate Judge's Order was clearly erroneous or contrary to law. In addition to finding that the motion was untimely, the Magistrate Judge also found that providing Defendants a list of

attorneys who would consent to serve as their expert witness would be tantamount to assisting Defendants in proving their case. Dkt. 148. A court-appointed expert cannot be employed for the specific purpose of evaluating, or attesting to, the merits of Defendants' claims against Alerding Castor on Defendants' behalf. Thus, the Magistrate Judge did not abuse his discretion in denying the motions to appoint a court-appointed expert witness. *See* Fed. R. Civ. P. 706(a).

Accordingly, Defendants' objection is **OVERRULED**. Dkt. 158.

### C.
### Defendants' Objection to the Magistrate Judge's February 22, 2019 Order

On February 22, 2019, the Magistrate Judge denied Defendants' motion for leave to file a tardy and oversized response to Alerding Castor's motion for partial summary judgment. Dkt. 169. The Magistrate Judge had previously granted two motions for extensions of time for Defendants to file a response brief but denied Defendants' third motion. Dkt. 160. On January 15, 2019, the Magistrate Judge denied as moot Defendants' motion for leave to file an oversized brief in response to Alerding Castor's motion for partial summary judgment. Dkt. 165. On March 12, 2019, Defendants filed an objection arguing that they have shown good cause to extend the deadline to respond to Alerding Castor's motion for partial summary judgment. Dkt. 171.

The procedural history demonstrates a pattern of delay by Defendants that is accurately and succinctly recounted in the Magistrate Judge's order. The Magistrate Judge acted well within discretion in assessing and applying

7

the legal principles referenced in his order *i.e.*, litigants must abide by the rules of the court and judges must control their court calendars. Therefore, Defendants' objection is **OVERRULED**. Dkt. 171.

## III.
## Conclusion

For the reasons stated above, the Court **OVERRULES** the Golombs' Objection, dkt. [157], and Defendants' Objections, dkt. [158], dkt. [171].

**SO ORDERED.**

Date: 4/18/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

PAUL FLETCHER
1203 E. Cota Street
Santa Barbara, CA 93103

CAROLE WOCKNER
1203 E. Cota Street
Santa Barbara, CA 91303

Michael J. Alerding
ALERDING CASTOR LLP
malerding@alerdingcastor.com

Michael E. Brown
KIGHTLINGER & GRAY, LLP (Indianapolis)
mbrown@k-glaw.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN LLP
gplews@psrb.com

Anthony Roach
ALERDING CASTOR HEWITT LLP
aroach@alerdingcastor.com

Joanne Rouse Sommers

PLEWS SHADLEY RACHER & BRAUN LLP
jsommers@psrb.com