UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALERDING CASTOR HEWITT LLP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-02453-JPH-MJD |
| | ) | |
| PAUL FLETCHER, | ) | |
| CAROLE WOCKNER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| WAYNE GOLOMB, | ) | |
| GRACEIA GOLOMB, | ) | |
| | ) | |
| Interested Parties. | ) | |

**ORDER DENYING DEFENDANTS' MOTION TO CORRECT ERROR AND REINSTATE COUNTERCLAIMS**

On April 18, 2019, the Court granted Alerding Castor Hewitt's motion for partial summary judgment on Defendants' counterclaims. Dkt. 172. Defendants have filed a motion to correct error and reinstate their counterclaims. Dkt. [189]. For the reasons stated below, Defendants' motion is **DENIED**.

I.
**Facts and Background**

On April 18, 2019, the Court granted Alerding Castor's motion for summary judgment on Defendants' counterclaims for breach of contract (Count I), legal malpractice (Count II), and breach of fiduciary duty (Count III). Dkt. 172. The Court found, among other things, that Defendants could "not show

1

that Alerding Castor failed to exercise due care and diligence in their handling of the Forgery Lawsuit, or that the outcome of the Forgery Lawsuit would have been different 'but for' Alerding Castor's alleged failure to do the things complained of by Defendants." *Id.* at 11. The Court further held that since Defendants could "not prove a case of legal malpractice against Alerding Castor, Alerding Castor [was] entitled to summary judgment on the breach of fiduciary duty and breach of contract claims." *Id.* at 14.[1]

## II.
## Applicable Law

Defendants' motion is construed as a motion to reconsider. Rule 54(b) of the Federal Rules of Civil Procedure "governs non-final orders and permits revision at any time prior to the entry of judgment. . . ." *Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012). Under Rule 54(b), the Court may exercise its inherent authority to reconsider or revise its interlocutory orders. *Bell v. Taylor*, 2015 WL 13229553, at *2 (S.D. Ind. Dec. 4, 2015). Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). They may be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester*

---

[1] On November 20, 2019, the Court directed the clerk to terminate the counterparties. Dkt. 177. Defendants argue that this was the first time they were informed that their counterclaims were dismissed. Dkt. 189. However, this Order was solely administrative.

2

*Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). But they should not serve as a vehicle to introduce new legal theories for the first time. *See Caisse Nationale de Credit Agricole*, 90 F.3d at 1270; *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985).

## III.
## Analysis

Defendants contend the Court erred by granting summary judgment on their counterclaims. Dkt. 189. They argue the Court should have recognized that the counterclaims included fraud-based claims and that the claims for breach of contract and breach of fiduciary duty should have been allowed to proceed. *Id.* at 2.

### A. Counterclaims based on fraud, fraud in the inducement, fraudulent misrepresentation

Defendants argue that the Court erred in granting summary judgment because it did not recognize that the counterclaims included claims for fraud, fraudulent inducement, and fraudulent misrepresentation. *See* dkt. 189; dkt. 201. In response, Alerding Castor contends that "[n]o interpretation of the [counterclaim], regardless of how favorable the interpretation is in Defendants' favor, could possibly lead to the conclusion that Defendants plead fraud with particularity." Dkt. 191 at 3.[2]

---

[2] Because Alerding Castor's response briefs, dkt. 191 and dkt. 194, together do not exceed the page limit, S.D. Ind. L.R. 7-1(e), and because Defendants have responded to the arguments in both response briefs, the Court declines Defendants' request to strike the second-filed response brief, dkt. 201 at 2 (reply brief ¶ 4).

3

Although plaintiffs are not required to plead legal theories, *Vidimos, Inc. v. Laser Lab Ltd.*, 99 F.3d 217, 222 (7th Cir. 1996), they must raise them in a timely manner, *see Chessie Logistics Co. v. Krinos Holdings, Inc.*, 867 F.3d 852, 859 (7th Cir. 2017). Generally, courts "should not hold plaintiffs to their earlier legal theories unless the changes unfairly harm the defendant or the case's development—for example, by making it more costly or difficult to defend the case, or by causing unreasonable delay." *Chessie Logistics Co.*, 867 F.3d at 859 (internal quotations omitted); *see also Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 484 (7th Cir. 2019).

Here, Defendants claimed for the first time, eight months after summary judgment was granted on their counterclaims, that their counterclaims included fraud-based claims. *See* dkt. 189. However, throughout the course of this litigation, Defendants pled and identified only three counterclaims: breach of contract; legal malpractice; and breach of fiduciary duty. *See* dkt. 14 at 29–31 (counterclaim); dkt. 27 at 2 (approved case management plan); dkt. 127 at 3 (statement of claims ¶ 6).

On September 28, 2018, Alerding Castor moved for summary judgment on "Defendants' Counter Complaint". *See* dkt. 129. Defendants' response brief was initially due on October 29, 2018. *See* dkt. 132. The Court gave Defendants two extensions of time to file their response brief. *See* dkt. 149; dkt. 156. Each Order stated, "**No further enlargement of this deadline will be granted.**" *See* dkt. 149 at 5 (emphasis in original); dkt. 156 (emphasis in original). Then, one day before the filing deadline, Defendants filed a third

4

motion for an extension of time. Dkt. 159. The Magistrate Judge denied that motion, dkt. 160, and later denied as moot Defendants' motion for leave to file an oversized response brief, noting that any brief submitted would be untimely, dkt. 165.

On February 14, 2019, 42 days after the filing deadline had passed, Defendants filed a motion for leave to file a tardy and oversized response. Dkt. 168. The proposed brief attached to their motion was 85 pages long. *Id.* The Magistrate Judge denied Defendants' motion, outlining the procedural history and noting the importance of deadlines. Dkt. 169. The Court overruled Defendants' objection to the Magistrate Judge's denial of leave, noting that "[t]he procedural history demonstrates a pattern of delay by Defendants that is accurately and succinctly recounted in the Magistrate Judge's order." Dkt. 173 at 7–8.

The point of all this is that, having been given multiple extensions, Defendants had over three months to file a response brief and present their arguments. Then, when Defendants finally tried to file a response brief, it did not comply with the Local Rules or Court Orders, dkt. 129. *See* Dkt. 169; S.D. Ind. L.R. 5-4 ("A document due on a particular day must be filed before midnight local time of the division where the case is pending."); S.D. Ind. L.R. 7-1(e) (response briefs may not exceed 35 pages).

On April 18, 2019, the Court granted Alerding Castor's motion for summary judgment, which was unopposed because Defendants did not file a response. Dkt. 172. It would be unreasonable to now allow Defendants to

5

proceed on their new legal theories based on fraud. Defendants had the opportunity to raise these additional claims at the summary judgment stage but did not. *See* Dkt. 149 (first extension granted); dkt. 156 (second extension granted); dkt. 160 (third extension denied); dkt. 165 (motion for leave to file an oversized response brief denied as moot); dkt. 169 (motion for leave to file a tardy and oversized response denied); dkt. 173 (overruling objection); dkt. 172 (granting partial summary judgment). Defendants raised this issue for the first time eight months after summary judgment was granted. *See* dkt. 189. This case has been pending since 2016 and allowing Defendants to proceed on their fraud claims now would cause unreasonable delay.

Defendants have not shown that the Court committed a manifest error when it did not recognize that their counterclaims included claims based on fraud. "A 'manifest error' is not demonstrated by the disappointment of the losing party." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

### B. Counterclaims for breach of contract and breach of fiduciary duty

Defendants contend that their counterclaims for breach of fiduciary duty and breach of contract should be reinstated because the Court failed to recognize that they are different than their legal malpractice counterclaim. Dkt. 189 at 1. Citing the Restatement (Second) of Torts § 299A (a type of negligent act), Defendants assert that Mr. Alerding "represented himself as a seasoned, well-experienced trial litigator with an exceptional memory that had successfully conducted dozens of trials by jury and countless bench trials." Dkt. 189 at 6 (¶ 8). But that goes to legal malpractice, *see*

6

*Hinshaw & Culbertson*, 235 F.3d 1028, 1031 (7th Cir. 2000), as do the other allegations:

- "The facts show that [Mr. Alerding] never learned [Defendants'] case to any appreciable extent and assigned a parade of staff attorneys to run up [Defendants'] bill to 'earn' or grab, [Defendants'] budget of $120,000 well before trial so that [Alerding Castor] could extricate itself before its inexperienced attorneys had to demonstrate [Alerding Castor's] grossly-exaggerated mettle at trial."

- "[Defendants] were ultimately damaged by [Defendants'] loss at trial after [Alerding Castor] failed to provide a replacement attorney equivalent to what was promised."

- "Alerding did not live up to his touted experience and ability level and caused Fletcher's loss at trial by disengagement throughout [Alerding Castor's] representation and withdrawal just before trial, substituting an inexperienced attorney that had never presented a civil trial...The inexperienced attorney, [Anthony Roach], did not effectively present [Defendants] evidence, and in a confusing, discombobulated presentation lost [Defendants'] matter by *involuntary dismissal*, a performance in an of itself worthy of legal malpractice, resulting in [Defendants] loss of over $300K in retirement accounts through his opponent's forgery..."

Dkt. 189 at 5–6 (¶ 7); dkt. 201 at 7 (¶ 12); dkt. 201 at 8 (¶ 15) (emphasis in original and internal citations omitted).

Complaints about an attorney's care, skill, or diligence in representing a client implicate the duty of ordinary care and sound in the type of negligence that is legal malpractice. *Flatow v. Ingalls*, 932 N.E.2d 726, 729 (Ind. Ct. App. 2010) ("In Indiana, an attorney's duty is generally 'to exercise ordinary skill and knowledge.'"); *see also Beal v. Blinn*, 9 N.E.3d 694, 700 (Ind. Ct. App. 2014) ("To establish causation and the extent of harm in a legal malpractice case, the client must show that the outcome of the underlying litigation would have been

more favorable but for the attorney's negligence."). Defendants' breach of contract and breach of fiduciary duty counterclaims are based on the same operative facts as a legal malpractice claim and result in the same injury, so they are duplicative. *See, e.g., Hoagland v. Sandberg, Phx. & Von Gontard, P.C.*, 385 F.3d 737, 744 (7th Cir. 2004).

Moreover, Defendants did not respond to Alerding Castor's arguments that these counterclaims were duplicative. A motion to reconsider is not a platform to address new arguments. *See Oto*, 224 F.3d at 606 ("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier.").

Defendants have not shown that the Court patently misunderstood its arguments, made a decision outside the adversarial issues presented by the parties, or failed to apprehend their legal authorities. *Bank of Waunakee*, 906 F.2d at 1191. Accordingly, Defendants' motion to reinstate the breach of contract and breach of fiduciary counterclaims is denied.

## IV.
## Conclusion

Defendants' motion to correct error and reinstate counterclaims is **DENIED**. Dkt. [189].

**SO ORDERED.**

Date: 2/14/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

PAUL FLETCHER
1203 E. Cota Street
Santa Barbara, CA 93103

CAROLE WOCKNER
1203 E. Cota Street
Santa Barbara, CA 91303

Michael J. Alerding
ALERDING CASTOR LLP
malerding@alerdingcastor.com

Michael E. Brown
KIGHTLINGER & GRAY, LLP (Indianapolis)
mbrown@k-glaw.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN LLP
gplews@psrb.com

Anthony Roach
ALERDING CASTOR HEWITT LLP
aroach@alerdingcastor.com

Joanne Rouse Sommers
PLEWS SHADLEY RACHER & BRAUN LLP
jsommers@psrb.com