UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALERDING CASTOR HEWITT LLP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-02453-JPH-MJD |
| | ) | |
| PAUL FLETCHER, | ) | |
| CAROLE WOCKNER, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON AFFIRMATIVE DEFENSES**

This Order addresses which affirmative defenses Defendants may present at trial.

**I.
Facts and Background**

Alerding Castor asserts that Defendants breached a contract by not paying legal fees. Dkt. 1–2. Defendants raised several defenses and affirmative defenses. *See* dkt. 13 at 6–10; dkt. 127 at 4. As set forth in their tendered jury instructions, their defenses include breach of contract, fraud-based defenses, breach of fiduciary duty, and promissory estoppel. Dkt. 205-1.

A defense—unlike an *affirmative* defense—asserts that the plaintiff has not met its burden of proof. *See Leonard v. Trs. of Ind. Univ.*, No. 1:19-cv-963-JRS-MJD, 2019 WL 3306181 at *2 (S.D. Ind. July 23, 2019). An *affirmative* defense, by contrast, "raises additional facts or legal arguments that defeat liability" even if the plaintiff meets its burden of proof. *Jones v. Knox Cty. Ass'n*

1

*for Retarded Citizens, Inc.*, No. 2:15-cv-257-WTL-DKL, 2016 WL 1627628 at *1 (S.D. Ind. Apr. 19, 2016).

In this case, Alerding Castor has the burden to prove, among other things, that it performed its part of the contract. *See* dkt. 202 at 6; *Leonard*, 2019 WL 3306181 at *2. Defendants' breach-of-contract argument would negate that element by showing that Alerding Castor has not met its burden of proof. *See id.* Defendants' breach-of-contract argument is therefore a defense rather than an affirmative defense.

That leaves three categories of affirmative defenses: fraud-based defenses, promissory estoppel, and breach of fiduciary duty.

## II.
## Applicable Law

"In a diversity case, the legal and factual sufficiency of an affirmative defense" is determined under state law. *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991).

## III.
## Analysis

### A. Fraud-based defenses

Defendants assert fraud-based defenses, including fraud, fraud in the inducement, and fraudulent misrepresentation. *See* dkt. 127 at 4. The elements of fraudulent inducement "are no different" than for the others. *Massey v. Conseco Servs., LLC*, 879 N.E.2d 605, 611 (Ind. Ct. App. 2008). The elements are: "(1) a material misrepresentation of past or existing facts; (2)

made with knowledge or reckless ignorance of falsity; (3) which caused the claimant to rely upon the misrepresentation to the claimant's detriment." *Id.*

Since the elements are the same for each fraud-based defense and because factually this affirmative defense relates to inducement into a contract, dkt. 13 at 8–9, the parties **shall refer** to this affirmative defense at trial—including in tendered jury instructions and verdict forms—as "fraudulent inducement." Defendants **may present** evidence in support of this defense of fraudulent inducement at trial. As the Court explained at the February 19, 2020 status conference, expressions of opinion or promises of future performance will not be enough to entitle Defendants to a jury instruction on this affirmative defense. *See Am. United Life Ins. v. Douglas*, 808 N.E.2d 690, 703 (Ind. Ct. App. 2004); *First Nat'l Bank v. Acra*, 462 N.E.2d 1345, 1348 (Ind. Ct. App. 1984).

Alerding Castor objects to this affirmative defense on the basis that Defendants did not plead fraud with sufficient particularity. Fraud must be pleaded with particularity, *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441–42 (7th Cir. 2011), and affirmative defenses not pleaded are forfeited, *Herremans v. Carrera Designs, Inc.*, 157 F.3d 1118, 1123 (7th Cir. 1998). But the forfeiture rule is "not to be applied rigidly," *id.*, and a defense should be forfeited "only . . . if the other party is prejudiced," *Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 632 (7th Cir. 2010); -accord *Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 478–79 (7th Cir. 2019). Alerding Castor has not demonstrated prejudice. To the contrary, it

3

has "long been aware" of Defendants' argument that they "had been induced to sign the contract by . . . misrepresentations." *Olympia Hotels Corp. v. Johnson Was Dev. Corp.*, 908 F.2d 1363 (7th Cir. 1990).

**B. Promissory Estoppel**

Defendants allege for their estoppel affirmative defense that:

41. [Mr. Alerding] entered into an agreement with [Defendants] knowing he was impaired by substance abuse and was unable to adequately perform his duties.
42. [Mr. Alerding] immediately assigned two inexperienced attorneys to [Defendants'] case and never engaged himself as the lead attorney he promised in pre-engagement negotiations and in accordance with [Alerding Castor's] Engagement Letter. [Mr. Alerding] failed to learn the facts and evidence of the case, failed to re-depose Mrs. Taylor as he stated to [Defendants] in pre-engagement discussions, failed to certify critical evidence for admission at trial, failed to pursue discovery when such opportunities arose, and failed to prepare and submit-PreTrial order on behalf of [Defendants].
43. [Mr. Alerding's] failure to execute in preparing for and presenting [Defendants'] trial, as originally promised in pre-engagement negotiations with [Defendant], resulted in [Defendants'] loss at trial.
44. [Alerding Castor] should be estopped from recovery of fees for services not provided or performed consistent with their Engagement letter and pre-engagement negotiations with [Defendants].

Dkt. 13 at 9–10.

As these allegations from Defendants' answer show, Defendants want to argue that promissory estoppel bars Alerding Castor from collecting fees for services that were not provided or were provided inconsistently with their agreement with Alerding Castor. *Id.*

As explained above, however, Alerding Castor bears the burden as part of its breach of contract claim to show that it performed its part of the contract and will not be able to recover fees for any services that were provided in

4

breach of the contract. Since Defendants' argument is already covered in a defense that would negate an element of Alerding Castor's claim, an affirmative defense on the same ground would be duplicative and would risk confusing the jury.

Moreover, estoppel would not be the proper ground for this argument even if it weren't unnecessary. "Promissory estoppel is based on the underlying principle that 'one who by deed or conduct has induced another to act in a particular manner will not be permitted to adopt an inconsistent position, attitude, or course of conduct that causes injury to such other.'" *SWL, L.L.C. v. NextGear Capital, Inc.*, 131 N.E.3d 746, 754 (Ind. Ct. App. 2019) (quoting *Brown v. Branch*, 758 N.E.2d 48, 52 (Ind. 2001)). To prove estoppel, a party must show: "(1) a promise by the promisor; (2) made with the expectation that the promisee will rely thereon; (3) which induces reasonable reliance by the promisee; (4) of a definite and substantial nature; and (5) injustice can be avoided only by enforcement of the promise. *Id.* Defendants have not identified a promise—a "voluntary commitment or undertaking by the [promisor] . . . that the promisor will perform some action or refrain from some action in the future," *Sterling Comm. Credit v. Hammert's Iron Works, Inc.*, 998 N.E.2d 752, 757 (Ind. Ct. App. 2013)—to support their affirmative defense. Nor have they demonstrated "definite and substantial" reliance in response to such a promise. *See SWL*, 131 N.E.3d at 754.

In the end, at trial Defendants will be able to introduce the evidence identified in support of this argument as part of their defense to Alerding

Castor's breach of contract claim. They may therefore present evidence that Alerding Castor did not perform its part of the contract, but the jury will not be instructed on the affirmative defense of promissory estoppel.

### C. Breach of fiduciary duty

For their breach of fiduciary duty affirmative defense, Defendants allege that Alerding Castor performed superfluous work, had inexperienced attorneys act as lead attorneys, and failed to learn the facts of the case or prepare for trial. Dkt. 13 at 7–8. They also allege that Mr. Alerding made material misrepresentations about his courtroom experience and "was unable to adequately perform his duties" because he was impaired by substance abuse. *Id.* at 8.

A breach of fiduciary duty can reduce the fees that an attorney is entitled to receive. *Four Winds, LLC v. Smith & DeBonis, LLC*, 854 N.E.2d 70, 75–76 (Ind. Ct. App. 2006). For example, "gross abuse" or "other serious violations of the law of lawyering" can disallow attorney fees. *Id.* at 76 n.6. Those violations must be "clear" and "serious" and can include, for example, lack of competence and disobeying the client. Restatement (Third) of the Law Governing Lawyers § 37. This conduct is not necessarily the same as conduct constituting malpractice, and fee forfeiture can be different than malpractice damages. *Four Winds*, 854 N.E.2d at 76 n.6 (citing Restatement § 37).

An argument for fee forfeiture can be an affirmative defense to a claim for fees. *See id.* at 76. "Ordinarily, forfeiture extends to all fees for the matter for which the lawyer was retained." Restatement § 37(e). But sometimes "forfeiture

6

for the entire matter is inappropriate, for example when a lawyer performed valuable services before the misconduct began, and the misconduct was not so grave as to require forfeiture of the fee for all services." *Id.*; *id.* cmt. a.

Defendants **may present** evidence in support of their breach of fiduciary duty affirmative defense at trial.

## IV.
## Conclusion

Defendants **may present** evidence in support of their affirmative defenses for fraudulent inducement and breach of fiduciary duty at trial. They will be entitled to jury instructions on those defenses, however, only if they are supported by sufficient evidence. Defendants **may not** present their promissory estoppel affirmative defense at trial as it is duplicative and they may present evidence that Alerding Castor did not perform its part of the contract.

Defendants **SHALL FILE by March 6, 2020** updated final jury instructions on their affirmative defenses, in light of this ruling and the Court's ruling on their motion to correct error, dkt. 208.

**SO ORDERED.**

Date: 2/21/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

PAUL FLETCHER
1203 E. Cota Street
Santa Barbara, CA 93103

CAROLE WOCKNER
1203 E. Cota Street
Santa Barbara, CA 93103

Michael J. Alerding
ALERDING CASTOR LLP
malerding@alerdingcastor.com

Michael E. Brown
KIGHTLINGER & GRAY, LLP (Indianapolis)
mbrown@k-glaw.com

Abraham Murphy
murphy@abrahammurphy.com

Anthony Roach
ALERDING CASTOR HEWITT LLP
aroach@alerdingcastor.com