UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ALERDING CASTOR HEWITT LLP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-02453-JPH-MJD |
| | ) | |
| PAUL FLETCHER, | ) | |
| CAROLE WOCKNER, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON AFFIRMATIVE DEFENSES AND DISGORGEMENT**

At the August 20, 2021 pretrial conference, Defendants argued that the
Court's order on affirmative defenses allows them to seek disgorgement of fees
previously paid to Plaintiff.  *See* dkt. 211.  Plaintiff responded that
disgorgement is barred by the Court's order granting it summary judgment on
Defendants' counterclaims, which included malpractice.  *See* dkt. 172 (granting
summary judgment); dkt. 208 (denying motion to reinstate counterclaims).

When Plaintiff moved for summary judgment on Defendants's
counterclaims, Defendants did not respond.  *See* Dkt. 172 at 7.  The Court
therefore accepted Plaintiff's "supported factual assertions as uncontested."  *Id.*
The Court then explained that Plaintiff was entitled to summary judgment on
the counterclaims:

- For legal malpractice, Defendants could not prevail without expert
  testimony in their favor, which they did not designate, and also
  failed to designate evidence supporting causation, which required a
  likelihood of success in the underlying action.  *Id.* at 9–11.

1

- For breach of contract and breach of fiduciary duty, Defendants could not prevail "[s]ince [they] cannot prove a case of legal malpractice." *Id.* at 14.

In short, Defendants' counterclaims were dismissed because Defendants failed to designate any evidence in support, and Plaintiff's designated evidence showed that it was entitled to judgment as a matter of law. *See id.* at 7; *Sommerfield v. City of Chicago*, 863 F.3d 645, 649 (7th Cir. 2017) (explaining that "[s]ummary judgment is not a time to be coy" as the "parties are required to put their evidentiary cards on the table"). Defendants therefore may not try—again—to reinstate a counterclaim by seeking disgorgement. *See* dkt. 208. As the Court explained in its previous order denying reinstatement, a breach of fiduciary duty requires evidence that Plaintiff did not exercise appropriate "care, skill, or diligence." *Id.* at 7. At the summary-judgment stage, the designated evidence did not allow a reasonable jury to make that finding. *See id.* at 8; dkt. 172 at 9 (explaining that the designated evidence does not support "any triable issue as to whether Alerding Castor exercised ordinary skill and knowledge in representing Defendants").

By contrast, the Court's order allowing Defendants to present "evidence in support of their affirmative defenses for fraudulent inducement and breach of fiduciary duty at trial" does not turn on the summary judgment standard. Dkt. 211 at 7. Defendants may present their defenses at trial, even if they share some legal similarities with the dismissed counterclaims. *See id.*

2

These differences between the summary-judgment standard and the standard for affirmative defenses explain why Defendants may introduce evidence supporting the affirmative defense of a breach of fiduciary duty but cannot obtain disgorgement.  Disgorgement can come only through the counterclaim.  *See Digitech Computer, Inc. v. Trans-Care, Inc*, 646 F.3d 413, 419 (7th Cir. 2011); *Philadelphia Indem. Ins. Co. v. Chi. Title Ins. Co.*, 771 F.3d 391, 402 (7th Cir. 2014) ("[A] counterclaim differs from an . . . affirmative defense.  A counterclaim is used when seeking affirmative relief, while an . . . affirmative defense seeks to defeat a plaintiff's claim.").

Therefore, as the Court previously ordered, Defendants may present evidence in support of the affirmative defenses of fraudulent inducement and breach of fiduciary duty.  Dkt. 211.  If they are successful, Plaintiff may be subject to fee forfeiture, which might extend to all unpaid fees.  *See id.* at 6.  But, for the reasons explained above and at the summary stage, that cannot allow disgorgement of fees.

**SO ORDERED.**

Date: 8/26/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

PAUL FLETCHER
1203 E. Cota Street
Santa Barbara, CA 93103

CAROLE WOCKNER

1203 E. Cota Street
Santa Barbara, CA 93103

Michael J. Alerding
ALERDING CASTOR LLP
malerding@alerdingcastor.com

Michael E. Brown
KIGHTLINGER & GRAY, LLP (Indianapolis)
mbrown@k-glaw.com

Abraham Murphy
murphy@abrahammurphy.com